E-FILED
Wednesday, 10 January, 2007 03:31:32 PM
Clerk, U.S. District Court, ILCD

FILED
JAN - 9 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

In re: )
 )
Application for )
SIMON A. LUNDY ) No. 03cr10064-001
 )
 )
 )

PETITION for WRIT of MANDAMUS to the
UNITED STATES DISTRICT COURT

Simon A. Lundy hereby petitions for writ of mandamus to the United States District Court for the Central District of Illinois to compel the United States Attorney for the Central District of Illinois, or Assistant United States Attorney, to perform a mandatory function under 18 U.S.C. § 3332 (a). In support thereof, petitioner states:

I. STATEMENT of JURISDICTION

This court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the United States Constitution which allows for petitions for redress of grievances.

II. QUESTION PRESENTED

Whether the U.S. Attorney, or an assistant thereof, should be ordered to perform a mandatory function under 18 U.S.C. § 3332(a) of informing the Grand Jury of alleged federal offenses.

1

### III. RELIEF SOUGHT

Petitioner respectfully requests the court to issue the instant writ of mandamus compelling the U.S. Attorney, or an assistant thereof, to present the information he received from petitioner, which information disclosed specific facts which constitute federal crimes, to the Grand Jury as required by 18 U.S.C. § 3332(a).

### IV. SUMMARY OF THE ARGUMENT

Petitioner asserts that 18 U.S.C. § 3332(a) imposes a mandatory function on the United States Attorney, or an Assistant thereof, to inform the Grand Jury of alleged federal offenses if requested to do so by "another person." Congress' use of the word "shall" is section 3332(a) removes any discretion on the part of "any such attorney" presented with such a request. Cf. United States v Tisdale, 248 F.3d 964, 977 (10th Cir. 2001)(word "shall" is used in laws to express what is mandatory). Because the U.S. Attorney will not perform this mandatory function, and, the petitioner having no other adequate remedy at law, a writ of mandamus is proper.

### V. STATEMENT OF FACTS

On November 18, 2006, petitioner mailed a personal letter and an affidavit to Assistant United States Attorney K. Tate Chambers ("AUSA Chambers"). The letter and affidavit detailed petitioner's personal knowledge of specific federal crimes (See attached). The Letter

2

The letter specifically requested that the information he was providing was to be given to the Grand Jury. The letter further expressed petitioner's willingness to testify before the Grand Jury in order to assist the Grand Jury in its investigation into the alleged crimes. After not hearing from AUSA Chambers concerning his request, petitioner, on December 7, 2006, mailed a follow-up letter to AUSA Chambers attempting to determine whether AUSA Chambers had forwarded the information to the Grand Jury as requested. As of the date of this filing, and upon information and belief, AUSA Chambers has not, and will not, present the information to the Grand Jury as requested.

## VI. ARGUMENT

### A. THE UNITED STATES ATTORNEY SHOULD BE ORDERED TO PERFORM A MANDATORY FUNCTION UNDER 18 U.S.C. § 3332(a).

1. General principles

Admittedly, the writ of mandamus is an extraordinary remedy. Allied Chemical Corp. v Daiflon Inc., 449 U.S. 33, 34, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980). However, mandamus is the proper remedy to compel an officer of the United States to perform a specific act required by a law of the United States. Kendall v United States, 37 U.S. 524, 12 Pct. 524, 9 L, Ed 1181 (1838). See also, Dellums v Smith, 573 F. Supp. 1489 (N.D. Cal 1983)(Mandamus is proper remedy to compel Attorney General to conduct preliminary investigation where statutory prerequisities have been meet).

3

Indeed, a writ of mandamus appears to be the only available remedy under the circumstances.

2.   Mandamus is the proper remedy

Petitioner asserts that a writ of mandamus is the proper, if not the only, remedy in the case. Title 18 U.S.C. § 3332(a) provides:

> It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. <u>Any such attorney receiving information concerning such alleged offense from another person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation</u>.

It is clear, under the statute, that AUSA Chambers has a duty to present information to the federal grand jury upon the request of the individual providing such information. See, <u>In re Grand Jury Application</u>, 617 F. Supp. 199 (S.D.N.Y. 1985). Congress, in enacting § 3332(a), specifically employed the word "shall" when referring to AUSA Chamber's duty to present information to the federal grand jury.

As petitioner has no other adequate remedy available to him to request AUSA Chambers to present his information to the federal grand jury, this petition encompasses a matter capable of being mandated.

4

## VII. CONCLUSION

Wherefore, for all the above reasons, the undersigned respectfully prays for an order Granting the instant petition for writ of mandamus, and for such other and futher relief as the court deems fair and equitable.

Respectfully submitted,

SIMON A. LUNDY
Reg. No. 16585-424-C
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

## CERTIFICATE of SERVICE

I, SIMON A. LUNDY do hereby certify that I served the foregoing on all parties by mailing one copy to :

K. Tate Chambers, ESQ.
Assistant United States Attorney
200 Fulton Street, Suite 400
Peoria, Illinois 61602

Date:
January 5, 2007

Signed:

5

UNITED STATES OF AMERICAN
SOUTHERN DISTRICT OF ILLINOIS

Simon Andre Lundy
Reg. No. 16585-424-C
Federal Correctional Institution
P.O. BOX 1000
Sandstone, MN 55072

November 18, 2006

Kendell Tate Chambers
Assistant United States Attorney
200 Fulton Street, Suite 400
Peoria, Illinois 61602

Dear AUSA Mr. Chambers,

This letter is for the purpose of disclosing the fact that I possess first-hand knowledge of federal crimes, and to seek an invitation to present my testimony to the grand jury. Attached to this letter is an affidavit which outlines the facts relative to the alleged crimes.

I fully understand that as a private citizen I do not have a right to compel your office to allow me to appear and give testimony before a grand jury. I further understand that it is the United States Attorney who, upon request of a person with information concerning an alleged offense, shall inform the grand jury of such alleged offense, and to thereafter assist the grand jury in further investigations should they so desire. See e.g., In re Grand Jury Application, 617 F. supp. 199, 203-06 (S.D.N.Y. 1985) : See also In re Application of Larry A. Wood, 833 F. 2d 113 (8th cir. 1987).

As your office possesses sole responsibility for the prosecution of all federal offenses, I believe it cumbent upon you to seriously consider the information I have presented to you, and to respond accordingly.

Thank you for your assistance in this matter.

Respectfully,

*/s/ Simon A. Lundy*
Simon A. Lundy

DECLARATION of SIMON LUNDY

I, Simon Lundy, do hereby declare as follows:

1. On September 23, 2004, I was remanded to the custody of the United States Marshall's Service by United States District Court Judge Michael M. Mihm following the return of an indictment against me in case number 03-10064-001. I was placed in custody at the Knox County Jail, 152 S. Kellogg Street, Galesburg, Illinois.

2. Between September 23, 2004 and December 1, 2004, a government informer known to me as Diondre L. Wakefield was also under the custody of the of the United States Marshall's Service at the Knox County Jail.

3. On October 4, 2004, at approximattely 6:30 a.m., an inmate trustee known to me as Mr. Hall was serving breakfast to inmates. While doing so, Mr. Hall informed me that he had been asked to relay a message to me from government informant Diondre L. Wakefield. Mr. Hall stated that Wakefield's message was that if I would give him $ 50.000 he would not testify against me at my trial.

4. Inmate Hall, along with inmates Brian Hines, Jose Tovar, Marvin Landfair, Patrick Sammuals and John J. DeSilva will testify as to these events.

5. It is my belief that the above - stated facts set forth a clear violation of 18 U.S.C.§ 873, Blackmail, as Mr. Wakefield demanded $ 50,000 in United States currency as consideration for not informing against violations of federal law.

6. On Octooer 14, 2004, Knox County Deputy Sheriff Stewart Inman, while on duty at the Knox County Jail, stated to me that Mr. Wakefield had for some reason lost his position as an inmate trustee. Deputy Inman further stated to me Mr. Wakefield threaten that if he ( Deputy Inman) did not reassign him ( Wakefield) to his trustee position, he would call the United States Attorney's office and D.E.A. agents and tell them he would not testify against Simon Lundy.

7. Deputy Inman relayed these events to me and indicated that he felt Mr. Wakefield's actions were illegal and that he would testify as to all the facts surrounding this event.

8. It is my belief that the above-stated facts set forth a clear violation 18 U.S.C. § 873, Blackmail, as Mr. Wakefield demanded something of value ( an inmate trustee job) as consideration for not informing against violations of federal law.

9. On Octooer 23, 2002, Mr. Wakefield began to assist the government in an on-going conspiracy investigation by initiating a recorded phone conversation with the target of the conspiracy.

10. On October 23, 2002, and again on October 25, 2002, Mr. Wakefield, without the government's knowledge or consent, re-contacted the target of the investigation by placing a three-way phone calls from the Peoria County Jail, Peoria, Illinois.

11. On February 2, 2003, Mr. Wakefield again, without the government's knowledge or consent, re-contacted the target of the investigation by placing a three-way phone call from the Peoria County Jail. During this conversation, Mr. Wakefield stated to the target that, in exchange for a specified sum of United States currency, he would not implicate the target in any criminal activity nor adversly testify against the target in any federal grand or petit juries.

12. In October of 2002, $ 1000 in United States currency was given to Mr. Wakefield by a Western Union Money transfer to the second party on the three-way call outs from Mr. Wakefield at the Peoria County Jail.

13. It is my belief that the above-stated facts set forth clear violations of 18 U.S.C. §§, 873 and 880, Blackmail and receiving the proceeds of extortion. Mr. Wakefield demanded United States Currency as consideration for not informing against violations of federal law, and recieved $ 1000 in proceeds of the extortionate acts.

14. It is my further belief that the above-stated facts set forth clear violations of 18 U.S.C. § 1505 obstruction of justice, and 18 U.S.C. § 1951 (b)(2) attempted extortion and extortion through the wrongful use of fear.

I, Simon Andre Lundy, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above-given declaration is true and correct to the best of my belief.

Executed on this 18 day of November, 2006.

*Simon A. Lundy*

Mr. Simon Lundy
Reg. No. 16585-424-C
Case No. 03-10064
        06-1249

To: U.S. Attorneys Office
for the Central District of Illinois

December 7, 2006

In the month of November, I filed a written compliant for criminal charges to be heard at the Grand Jury against inmate Diondre L. Wakefield.

Your office has not responded to whether or not my compliant is relevant.

To date: 12/7/06 I have not heard from your office on your decision to pursue these matters.

Please inform me in a timely manner of your decision.

Respectfully,

SIMON LUNDY

Executed on this 7 day of December 2006.