## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

```
SIMON LUNDY                            )
                                       )
     Petitioner,                       )
                                       )    No. 07-1008
v.                                     )
                                       )
UNITED STATES OF AMERICA,              )
                                       )
     Respondent.                       )
```

### O R D E R

Before the Court is a Motion for a Writ of Mandamus [Doc. 1] and a Motion for Leave to Proceed in forma pauperis [Doc. 4]. For the following reasons, the Motion for Leave to Proceed in forma pauperis is GRANTED. However, the Motion for a Writ of Mandamus is DENIED and this matter is DISMISSED for failure to state a claim on which relief may be granted.

### I. Motion to Proceed In Forma Pauperis

Petitioner is seeking a Writ of Mandamus which would force the United States Attorney's Office to present evidence of certain crimes to a grand jury, presumably for an indictment or criminal prosecution. Petitioner is currently incarcerated at the Sandstone Federal Correctional Institution. After filing his initial Motion, Petitioner was ordered to pay the $350 filing fee within thirty days or this Court would dismiss his claim. Petitioner has responded with a request to proceed in

forma pauperis which contains his accompanying trust fund statements.

Based upon Petitioner's trust fund statements, Petitioner has no assets, no income, and as of the date of his Motion, no cash available in his account.  Accordingly, this Court finds that Petitioner is unable to pay the full $350 filing fee at this time.

Nonetheless, in accordance with 28 U.S.C. 1915(b)(1), Petitioner shall pay an initial partial filing fee of either 20% of the average monthly deposits or 20% of the average monthly balance, whichever is greater.  The average monthly deposits for the six month prior to Petitioner filing his Petition were $203.49. Twenty percent of that amount is $40.70 and is due as the partial initial filing fee.  In addition, pursuant to § 1915(b)(2), Petitioner's custodian shall forward to the Clerk, in monthly payments, 20 % of the preceding month's income credited to Petitioner's account when the amount in the account exceeds $10.00 until the full $350.00 filing fee is paid.

**II. Initial Review of Petitioner's Request for Relief**

Despite granting Petitioner's request to proceed in forma pauperis, it is still necessary for this Court to conduct an initial review of Petitioner's request for relief.  28 U.S.C. § 1915(e)(2) states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that... the action or appeal... fails to state a claim on which relief may be granted...." Based upon the face of Petitioner's Motion for a Writ of Mandamus, Petitioner has failed to state a claim on which relief may be granted.

Petitioner pled guilty and is currently incarcerated for 188 months for one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 841(b)(1)(A). He is seeking a Writ of Mandamus to compel the United States Attorney "to put certain evidence before the grand jury." Petitioner has submitted an affidavit which state he was a witness to or has heard hearsay evidence of three crimes including blackmail, "receiving the proceeds of extortion," and "obstruction of justice" all allegedly committed by a Diondre Wakefield. First, while incarcerated in the Knox County Jail in 2004, Wakefield had a message re-laid to Petitioner in which Wakefield demanded $50,000 from Petitioner to stop Wakefield from testifying against Petitioner (presumably, Wakefield was a witness against Petitioner in Petitioner's underlying criminal conviction). Next, Petitioner was informed by a sheriff's deputy at the Knox County Jail that Wakefield had demanded and received a position as an inmate trustee, in exchange for testifying against Petitioner. Finally, Petitioner alleges that Wakefield received $1000 from a "target" of a federal investigation in exchange for

not testifying against the "target."  From the face of the affidavit, both the identity of the "target" and Petitioner evidentiary basis of this last crime are unclear.  Nevertheless, Petitioner has sent several letters to the office of the United States Attorney requesting that they present evidence of all three crimes to a grand jury.  Now, Petitioner would like this Court to compel the United States Attorney's office to do the same.

Petitioner alleges that he has a right to compel a prosecutor based upon 18 U.S.C. § 3332(a) which states as follows:

> "It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation."

However, § 3332(a) does not confer a private right of action.  In order to have standing to sue in federal court, Article III of the Constitution requires that a complainant have suffered an injury in fact, which the Supreme Court has defined as the invasion of a concrete, imminent and legally cognizable interest.  Lujan v. Defenders of Wilklife, 504 U.S. 555 (1992).

4

An individual can only enforce procedural rights if "the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.  Id. at 560-61.  As a result, our Supreme Court has specifically held that "in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1972). Goofy

   While Petitioner does not argue the point, Petitioner does not have a legally cognizable interest in collaterally attacking his conviction by convincing a grand jury to indict those individuals who assisted in his own criminal prosecution.  "[T]he vindication of that interest on the basis of [such] allegations... is too speculative (not to say fanciful) to support [] standing."  Sargeant v. Dixon, 130 F.3d 1067, 1069 (D.C. Cir. 1997).

   To put it another way, the decision whether to prosecute and what charge to file or bring before a grand jury are decisions that lay within a prosecutor's discretion.  United States v. Oldfield, 859 F.2d 392, 398 (6th Cir. 1988).  Accordingly, Petitioner lacks standing for his request for a Writ of Mandamus.

   IT IS THEREFORE ORDERED that the Motion to Proceed *in forma pauperis* is GRANTED.  Petitioner shall make an initial filing

5

1:07-cv-01008-JBM   # 6   Page 6 of 6

fee payment of $40.70 within 30 days of this Order. Furthermore, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account when the amount in the account exceeds $10.00 until the full $350.00 filing fee is paid.

IT IS FURTHER ORDERED that Petitioner Motion for a Writ of Mandamus is DENIED.  This matter is dismissed because Petitioner lacks standing.  Notwithstanding this determination, Petitioner is still liable for paying the full filing fee of $350.  The clerk is directed to mail a copy of this order to the United States Attorney's office and the Warden at Sandstone Federal Correction Institution.

CASE TERMINATED.

ENTERED this  21st  day of December, 2007.

s/ Joe Billy McDade<br>Joe Billy McDade<br>United States District Judge

6