## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| SIMON LUNDY, ) | |
| ) | |
| Petitioner, ) | No. 07-1008 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Petitioner's Motion for Reconsideration (Doc. 8). Petitioner is a federal prisoner who filed a Motion for a Writ of Mandamus and a Motion for Leave to Proceed in forma pauperis (Doc. 1). This court GRANTED the Motion for Leave to Proceed in forma pauperis, but denied the Motion for a Writ of Mandamus and DISMISSED the matter for failure to state a claim on which relief may be granted under 18 U.S.C. § 3332 (a) (Doc. 6). This Court also required that 20% of the funds from Petitioner's prison account be withdrawn each month to satisfy the filing fee. Petitioner has now filed a Motion for Reconsideration. For the following reasons, the Motion for Reconsideration is GRANTED.

Petitioner is seeking a Motion for Reconsideration and notes that a scrivener's error was made during the docketing of this Court's previous order. To be considered, a Motion for Reconsideration must give the court a reason for changing its mind and cannot merely republish the reasons that failed to convince the court originally. Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). In this

case, Petitioner's contends that this Court's Order has been incorrectly interpreted to be a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 when docketed by the clerk. Petitioner is correct because he did not file a Motion to Vacate but rather filed a Request for Mandamus. A scrivener's error is an error resulting from a "minor mistake or inadvertence, esp. in writing or copying something from the record," which does not substantially affect the outcome of the case. United States v. Gibson, 356 F.3d 761, 766 n.3 (7th Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)).

In the present case, Petitioner asks this Court to modify the docketing text to accurately reflect that the Court Order did not address a Motion to Vacate, Set Aside or Correct his sentence when dismissing Petitioner's Request for a Writ of Mandamus. Petitioner is correct in his contention that there was a small lapse in the docketing text. Accordingly, his Motion for Reconsideration will be allowed.

IT IS THEREFORE ORDERED that the Motion for Reconsideration is GRANTED, but only to the limited extent that the clerk is directed to correct the text related to this Court's Order issued on December, 21, 2007. The text shall not state that Petitioner's § 2255 Petition is dismissed and shall only reflect the Petitioner's Writ of Mandamus is dismissed. This ruling does not impact the filing fees that are to be withdrawn from Petitioner's prison account.

ENTERED this __19th__ day of June, 2008.

s/Joe Billy McDade  
Joe Billy McDade  
United States District Judge
